UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN PHOOLKA, an individual; DANIEL SALDANA, an individual; SEAN CLAPPER; an individual; and KARANPREET SANGHA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF FRESNO; FORMER CHIEF PACO BALDERRAMA; FRESNO POLICE SERGEANT JONATHAN LONG; FRESNO POLICE SERGEANT DAVE WILKIN; AND UNKNOWN LAW ENFORCEMENT OFFICERS,<br><br>Defendants. | Case No. 1:24-cv-00874-KES-HBK<br><br>ORDER GRANTING STIPULATED RULE 35 EXAMINATION AND MODIFICATION TO CASE MANAGEMENT DEADLINES<br><br>(Doc. 35) |

On July 15, 2026, the parties filed a stipulation for Rule 35 examinations of Plaintiffs and requested to a fourth modification of the Case Management and Scheduling Order ("CMSO") deadlines. (Doc. 35). The Court has reviewed the stipulation, finds Plaintiffs' mental conditions to be in controversy, and concludes that good cause exists for the Rule 35 examinations. Further, the Court finds good cause to grant a further extension of the expert-related deadlines previously extended in its May 22, 2026 Order (Doc. 34). *See* Fed. R. Civ. P. 16(b)(4).

Accordingly, IT IS ORDERED:

1. The parties stipulated Rule 35 examination of Plaintiffs and request to further modify

certain deadlines in the Case Management Scheduling Order (Doc. 35) is GRANTED to the extent set forth herein.

2. The examination of Plaintiffs Justin Phoolka, Daniel Saldana, Sean Clapper, and Karanpreet Sangha ordered herein is authorized under Federal Rule of Civil Procedure 35(a). Plaintiffs' claims of emotional distress are in controversy in this action, and the parties have shown good cause for the examination.
3. The examination shall be performed by Dr. Christopher Thompson, M.D. and Dr. Praveen Kambam, M.D., who are forensic psychiatrists and qualified to perform the proposed examination. The examination of each individual Plaintiff shall be performed by either Dr. Thompson or Dr. Kambam, such that one forensic psychiatrist evaluates each individual Plaintiff. No Plaintiff shall be required to submit to an examination by both doctors.
4. The examination shall take place at a location agreed upon by the Parties and on a date and time that is mutually convenient for Dr. Thompson and/or Dr. Kambam and the Plaintiffs and scheduled so that the expert discovery deadlines are not extended.
5. Dr. Thompson and/or Dr. Kamban will make every reasonable effort to complete the examination within five (5) hours total, excluding breaks. The examination shall not exceed eight (8) hours total.
6. The examination shall not include any painful, protracted, or intrusive procedures or tests.
7. The examination is a medical evaluation, not a continuation of deposition testimony. Plaintiffs shall not be required to answer questions regarding the specific facts of the incident giving rise to this litigation, witness statements, or their prior deposition testimony. The scope of the examination is limited to the Plaintiffs' medical history, current symptoms, and the alleged emotional distress damages at issue in this case.
8. The examination shall not include any questioning regarding any matters protected by the attorney-client privilege, or attorney work product doctrine.
9. No third party, including, but not limited to, Plaintiffs' counsel or defense counsel,

shall be present during the examination. Only Dr. Thompson and/or Dr. Kambam shall be present with Plaintiff(s) during the examination.

10. Plaintiffs shall be permitted to audio record the interview portion of the examination for their own records. Such recording shall be treated as attorney work product and shall not be disclosed to Defendants. The recording shall be used solely for purposes of this litigation.

11. Plaintiffs shall cooperate in good faith to complete the examination as ordered. Failure to comply with this Order may result in appropriate sanctions under the Federal Rules of Civil Procedure, including but not limited to Rule 37. Should a dispute arise during the examination as to scope of the examination, counsel of the parties shall meet and confer to resolve the dispute during the examination and, if unable to reach resolution, such will call the Court during the examination to settle any unresolved dispute.

12. A written report shall be produced by Dr. Thompson and/or Dr. Kambam that satisfies the requirements of the Federal Rules of Civil Procedure on or before the expert discovery cut-off in this matter.

13. Defendants will produce Dr. Thompson and/or Dr. Kambam for a deposition by Plaintiffs after they produced their report(s).

14. At least fourteen (14) days prior to each Plaintiff's examination, Defendants shall provide Plaintiffs' counsel with a list of all testing instruments, questionnaires, or standardized assessments that the examining doctor anticipates using. The Parties shall meet and confer regarding any objections to the use of such instruments, and if a dispute remains, it shall be brought to the Court for resolution.

15. Defendants' forensic psychiatry expert(s) shall provide Plaintiffs' forensic psychiatry expert(s) with a complete copy of all raw data, test scores, scoring sheets, notes, and any other materials generated, reviewed, or relied upon by the examining doctor during the examination of each Plaintiff. Plaintiffs' forensic psychiatry expert(s) shall provide Defendants' forensic psychiatry expert(s) with a complete copy of all raw

data, test scores, scoring sheets, notes, and any other materials generated, reviewed, or relied upon by Plaintiffs' forensic psychiatry expert(s), if any.

16. This exchange shall take place no later than one (1) week after Plaintiffs provide the necessary information for the expert-to-expert exchange to take place, i.e. an e-mail or upload link for the data. This production is subject to the Protective Order.

17. All documents and information related to Dr. Thompson and/or Dr. Kambam's examination(s) shall be subject to the Protective Order in this case.

18. All documents, records, reports, raw data, notes, and information generated from or related to the examination(s) are for the sole purpose of this litigation and shall not be released to any non-party, used for any non-litigation purpose, or used for any employment-related determination, including fitness-for-duty evaluations, without Plaintiffs' express written consent or a Court order. This restriction shall survive the termination of this litigation.

19. Defendant City of Fresno shall pay all costs of the examination.

20. The deadline for expert disclosures is extended to **August 28, 2026**.

21. The deadline for rebuttal/supplemental expert disclosures is extended to **September 25, 2026**.

22. The deadline to complete all expert discovery is extended to **October 30, 2026.**

23. All other deadlines remain unchanged, including the deadline to file pre-trial dispositive motions and the March 9, 2027 trial date, subject to change to accommodate the District Court's calendar, particularly criminal matters entitled to priority.

Dated: July 27, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE